Leslie S. Oberg v. Commissioner.
Leslie S. Oberg v. Commissioner
Docket No. 15913.
United States Tax Court
1949 Tax Ct. Memo LEXIS 173; 8 T.C.M. (CCH) 544; T.C.M. (RIA) 49134; May 27, 1949
*173 Petitioner in 1944 sold 22 sows and one boar from his hog breeding herd. These animals had been held by him primarily for breeding purposes and for a period longer than six months. Held, that the animals sold by petitioner in 1944 from his hog breeding herd were capital assets within the meaning of section 117(j) of the Internal Revenue Code and the profits realized from such sales are taxable to the petitioner as capital gains and not as ordinary income. R. L. Palmer, Esq., and M. W. Houts, Esq., both of McKeown Bldg., Pipestone, Minn., for the petitioner. Thomas A. Steele, Jr, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in Federal income tax for the taxable year 1944 in the amount of $204.29. The sole issue herein is whether profit realized by the petitioner from the sale of certain hogs from his breeding stock is taxable as ordinary income or as capital gain under the provisions of section 117(j) of the Internal Revenue Code. Findings of Fact Leslie S. Oberg, hereinafter referred to as the petitioner, during the taxable year ended December 31, 1944, and *174 for some 20 years prior thereto, operated a farm located in Murray County, Minnesota. Petitioner filed his Federal income tax return for the calendar year 1944 on the cash receipts and disbursements basis with the Collector of Internal Revenue for the District of Minnesota. During 1944 and several years prior thereto petitioner derived more income from the raising and selling of hogs or swine than from any other farm activity. On his Federal income tax return for the taxable year 1944, he reported gross profit from the sale of swine raised in the amount of $5,861.12. The production of hogs is handled by the petitioner in the following manner: Pigs born in the spring are fed and taken care of as a group until the fall. In November or December those gilts which are desired for breeding purposes are selected and bred. After their litters are born the sows remain with their young for about eight weeks or until the pigs are weaned. Thereafter, those sows which the petitioner does not desire to retain for the purpose of producing a second litter are conditioned for market. The conditioning process consumes approximately two more months. None of the hogs raised or sold by petitioner *175 was a pedigreed or registered animal. During 1944 the petitioner sold 22 sows and one boar, 7 cows, and 56 ewes. The gross sales price of these animals was $1,408.92 for the sows, $986.25 for the cows, $469and for the ewes. The sale of the hogs was not abnormal and did not cause any appreciable reduction in the size of the petitioner's herd. Butcher or market hogs are held by the petitioner for a period of from eight to ten months whereas the sows retained for breeding purposes are usually sold at an age of from 16 to 18 months. Each of the hogs sold in 1944 had been held by the petitioner for at least 16 to 18 months and had produced at least one litter of pigs. Six or eight of the sows had been held for a longer period of time during which they had produced more than one litter of pigs. Petitioner usually sold some of his sows each year. From the time the sow was born on petitioner's farm, whether or not she was later used for breeding purposes, she was regarded as a product that would one day be sold on the market. The sows in question were held primarily as breeding stock. Petitioner did not maintain any inventory of livestock on hand nor did he include any of the hogs *176 in question in any inventory. In his income tax return for 1944 petitioner included in taxable net income only 50 per cent of the gain derived from the sale of the 23 hogs, viz., $704.46. In the notice of deficiency respondent included in the petitioner's taxable net income 100 per cent of the $1,408.92 derived from the sale of the 23 hogs in question. Respondent explained the adjustment as follows: "On Schedule D of your return you reported the proceeds from the sale of 23 sows as a net long term capital gain in the amount of $704.46. It is determined that these sows do not qualify as an asset to which the provisions of section 117(j) of the Internal Revenue Code may be applied, and that the gain from the sale of such sows constitutes ordinary income in the amount of $1,408.92. It is further determined that the taxable gain from the sale of these sows, reported by you on your return, was understated to the extent of $704.46." Opinion ARUNDELL, Judge: The sole issue presented herein is whether the profit realized by petitioner in 1944 from the sale of 22 sows and one boar from his hog breeding herd is taxable as ordinary income or as capital gain under *177 the provisions of section 117(j) of the Internal Revenue Code. The facts in the instant case and the contentions of the parties are in no material respect different from those presented in Albright v. United States, 173 Fed. (2d) 339 (decided March 10, 1949), and Isaac Emerson, 12 T.C. 875 decided this day. On the authority of those cases, we have reached the conclusion that the 22 sows and one boar sold by petitioner in 1944 from his hog breeding herd were capital assets within the meaning of section 117(j) of the Internal Revenue Code and the profits realized from such sales are taxable to the petitioner as capital gain. Decision will be entered under Rule 50.